UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

**Case No.:**   2:25-cv-06256-BFM               **Date:** September 2, 2025

**Title:**   *Tracy Fowler v. Wells Fargo Bank, N.A., et al*

===============================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

Christianna Howard                               N/A
Deputy Clerk                         Court Reporter / Recorder

Attorneys Present for Plaintiff         Attorneys Present for Defendant
N/A                                         N/A

**Proceedings:     (In Chambers) Order to Show Cause Regarding Diversity Jurisdiction**

Defendant Wells Fargo Bank removed this case from the Los Angeles County Superior Court to this Court. Defendant cited diversity jurisdiction as the basis for removal, stating that Plaintiff and Defendant were citizens of different states and that Plaintiff sought $135,000,000.00 in damages. (ECF 1.) Plaintiff's complaint alleges economic damages of approximately $30,000.00. (ECF 1-3 at 15.) While Plaintiff filed a document in state court asserting 135 million in damages, her counsel essentially admitted at the Rule 26(f) conference that that number was not premised on a realistic assessment of damages in this case. As it is unclear whether the amount in controversy meets the diversity jurisdiction threshold, the Court orders Defendant to show cause why this action should not be remanded.

The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if it lacks subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:25-cv-06256-BFM                    **Date:** September 2, 2025

**Title:**   *Tracy Fowler v. Wells Fargo Bank, N.A., et al*

================================================================

There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Here, Defendant removed this case based upon diversity jurisdiction and there does not appear to be a basis for federal question jurisdiction. (ECF 1.) Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332.

While it appears there is diversity of citizenship between the parties, the Court does not have enough information to assure itself that the amount in controversy exceeds $75,000. The amount in controversy is generally determined from complaint allegations. *Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 965 (9th Cir. 2020) ("[W]e generally calculate the amount in controversy by examining the face of the well-pleaded complaint."); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). When it is not clear from the face of the complaint that the amount exceeds $75,000, the removing party must put evidence before the Court to establish that it is "more likely than not" that the amount in controversy exceeds that threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). If "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," diversity jurisdiction cannot be maintained. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Here, the only things before the Court are the Complaint and Plaintiff's Statement of Damages. (ECF 1-3.) The Complaint describes a fraud that resulted in approximately $30,000 in money fraudulently withdrawn from Plaintiff's bank account. (ECF 1-3 at 15 (Plaintiff alleges that Defendants converted the "specific sum of $13,909.72" and subsequently "converted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:25-cv-06256-BFM                    **Date:** September 2, 2025

**Title:**   *Tracy Fowler v. Wells Fargo Bank, N.A., et al*

===============================================================

additional sums of money from Plaintiff believed to be in excess of $17,000.00.").) The Complaint itself, therefore, does not establish an amount in excess of the jurisdictional threshold.

Plaintiff's Statement of Damages asserts that Plaintiff is entitled to $135,000,000.00: special damages of $10,000,000.00; general damages of $25,000,000.00; and punitive damages of $100,000,000.00. (ECF 1-3 at 40.) But Plaintiff's counsel conceded at the Rule 26(f) conference that those numbers were selected because they represented some threshold applicable in state court, not because they are a realistic assessment of the amount actually in controversy. To satisfy the amount in controversy, the sum claimed must be made in good faith. *Malone v. Toyota Motor Sales*, No. CV 22-0929 FMO (PVCx), 2022 WL 523771, at *4 (C.D. Cal. Feb. 22, 2022) ("Bald allegations of damage amounts unsupported by evidence are 'not conclusive.'") (quoting *Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1009 (D. Ariz. 2012)). While the Court does not attribute bad faith to Plaintiff, neither can it treat Plaintiff's Statement as evidence that the amount in controversy actually exceeds $75,000.

The Court recognizes that Plaintiff asserts entitlement to emotional damages, attorney's fees, statutory fees, and punitive damages, but the Court has nothing before it about the amount that can be realistically attributed to those categories of damages. *See, e.g.*, *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004) (The "mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met.").

Accordingly, Defendant is **ordered to show cause** why this Court has jurisdiction over this case. Defendant's response shall be provided in writing no later than **September 8, 2025.** Both parties should be prepared to discuss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:25-cv-06256-BFM                    **Date:** September 2, 2025

**Title:**    *Tracy Fowler v. Wells Fargo Bank, N.A., et al*

===============================================================

the matter at the hearing of the Motion to Compel Arbitration previously scheduled for September 9, 2025.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:      ch